STELLA DI PALMA *vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BRISTOL.

JANUARY 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.   This is a petition for a writ of *certiorari*, under general laws 1938, chapter 342, §8, directed to the zoning board of review of the town of Bristol, hereinafter referred to as the board, praying that this court reverse the decision of the board.  The writ was issued and the record of the board was duly certified in accordance therewith.

It appears from the record that the petitioner was the owner of the premises numbered 578 Wood street, in the town of Bristol, in this state.  On February 7, 1946 she filed an application with the board asking permission to install two 2,000 gallon tanks for the storage of gasoline *on* her property and further to erect and maintain two gasoline pumps *upon the sidewalk and at the curb of Wood Street* in front of her property, so that she might operate a gasoline filling station at that place.  It is undisputed that Wood street is a public highway and one of the main streets in Bristol, and also that petitioner's premises are in a "Commercial G" district under the zoning ordinance, which permits the operation of a gasoline filling station in such a district.  Further description of the neighborhood and a statement of what occurred at two hearings before the board on petitioner's application are unnecessary under our conclusion on the record in this case.

In the course of the argument before us, it appeared that although the board had no statutory authority to grant permits for the installation of gasoline pumps on sidewalks, yet, since the enactment of the zoning ordinance for Bristol in 1931, the town council had permitted the board to exercise its judgment in such matters independently of the town council, and that the procedure followed in the instant case

was in accordance with the ordinary practice in that town. In our judgment, the issue thus raised is the determinative factor in this case.

It is well settled that the establishment and maintenance of public highways are functions of the state. The state may, however, authorize towns, which term is held to include cities, to establish public highways and may impose upon towns the duty of maintaining such highways safe and convenient for public travel. Save for certain exceptions not material here, towns have been so authorized and charged with such duty for many years by laws which now appear as G. L. 1938, chap. 72, §1, and chap. 73, §1. They are further made liable for failure to keep a sidewalk "safe and convenient for travelers" by G. L. 1938, chap. 73, §12, and chap. 352, §6. *Duffney* v. *Clarke*, 44 R. I. 495; *Quinn* v. *Stedman*, 50 R. I. 153; *Child* v. *Greene*, 51 R. I. 477; *Hoyt* v. *Allen*, 55 R. I. 360. In the *Duffney* case the town was held liable for injury to a traveler on the sidewalk of a public highway by coming in contact with the handle of a gasoline pump, which was placed on the sidewalk under the direction of a town official.

The statutory duty imposed upon a town to keep its public highways safe and convenient for travel is a public duty. A town has no power, unless authorized by statute, to divest itself by ordinance of its capacity to discharge that duty. *Watson* v. *Tripp*, 11 R. I. 98, 102. In the absence of such statutory authority, the town is bound to exercise the power vested in it by statute respecting its public highways so as not unnecessarily to circumscribe or suspend the duty. *Williams* v. *Tripp*, 11 R. I. 447, 455.

The powers of a zoning board of review are not to be confused with those of a town in the matter of obstructing the public highways. The object of zoning is to promote the common good and the general welfare in the use of land held in private ownership. Generally speaking, our enabling act for zoning, G. L. 1938, chap. 342, is a limited grant of the police power of the state to a municipality, if it elects to

adopt zoning, for regulating and restricting by ordinance the use of privately owned land available for building and development. We have already considered the duty and the power of a town to keep its public highways safe for travel.

In the case at bar the question of whether travel on Wood street should be obstructed by the erection of gasoline pumps in front of petitioner's premises was a matter solely within the power of the town, acting through its town council, to decide; while the location of the gasoline storage tanks on petitioner's land was within the scope of the zoning board to determine. We find no warrant in the law for the exercise of jurisdiction by that board over the former question, and when it assumed to act in that matter it clearly did so without jurisdiction. It follows that the decision of the board respecting petitioner's application for the installation of gasoline pumps on the sidewalk in front of her premises on Wood street was a nullity and of no force and effect.

It is therefore ordered that the decision of the respondent board, relating to the installation of gasoline pumps on the sidewalk at that place, be quashed. The papers in the case are ordered sent back to the respondent board.

*Arthur Falcone, Nathan Perlman,* for petitioner.

*Lucien Capone,* Town Solicitor, for respondent.