728 P.2d 657

**Bernard ARKULES and Barbara Arkules, Plaintiffs/Appellants,**

**v.**

**BOARD OF ADJUSTMENT OF the TOWN OF PARADISE VALLEY and Sam DeMuro, Defendants/Appellees.**

**No. 2 CA–CIV 5679.**

Court of Appeals of Arizona, Division 2, Department B.

April 30, 1986.
Review Denied Oct. 22, 1986.

Bernard Arkules, Paradise Valley, pro se and for plaintiffs/appellants.

Charles G. Ollinger, Paradise Valley, for defendant/appellee Bd. of Adjustment of the Town of Paradise Valley.

Beus, Gilbert, Wake & Morrill by Neil Vincent Wake and Pamela L. Vining, Phoenix, for defendant/appellee DeMuro.

## OPINION

LACAGNINA, Judge.

Sam DeMuro petitioned the Board of Adjustment of the Town of Paradise Valley for a variance from a building regulation which would require his house to blend with the mountain background and to be made from materials or colors which would not unduly reflect light. The Board granted the variance, and Bernard and Barbara Arkules filed a special action in the superior court seeking reversal of the Board's decision for the following reasons: 1) the notice of the Board's hearing on the variance was defective; 2) the Board was prohibited by its own rules and regulations and by statute from granting a variance not pertaining to the real property and its use and in doing so exceeded its jurisdiction; and 3) the reasons given for permitting the color change were neither a "special circumstance" nor "demonstrable hardship" relating to the real property as those terms were defined by statute and by the Board's rules and regulations.

All parties requested summary judgment alleging the dispositive facts upon which the court could render judgment were not in dispute. The superior court granted summary judgment in favor of DeMuro, the Board and the Town of Paradise Valley, determining that the Board substantially complied with lawful notice requirements for a variance hearing and that the Board's consideration of the request for variance and its decision were neither arbitrary, capricious nor an abuse of discretion. The court also denied DeMuro's motion to dismiss for lack of jurisdiction.

We affirm the judgment of the superior court finding substantial compliance with the notice requirements and that it had jurisdiction to hear the special action. We reverse that portion of the judgment holding the decision to grant the variance was not arbitrary or capricious and was lawfully granted.

## ARKULES' SPECIAL ACTION WAS TIMELY

The Board of Adjustment derives its powers from A.R.S. § 9–462.06, the statute under which it is created. The provisions of § 9–462.06 grant the Board certain specific powers, most of which are mandatory. In addition, there are certain actions the Board may not take:

H. A board of adjustment may not:

\* \* \* \* \* \*

2. Grant a variance if the special circumstances applicable to the property are self-imposed by the property owner.

Courts have uniformly held that a board of adjustment has no powers except those granted by the statutes creating it, *Applestein v. Osborne,* 156 Md. 40, 143 A. 666 (1928); its power is restricted to that granted by the zoning ordinance in accordance with the statute. *Carini v. Zoning Board of Appeals of the Town of West Hartford,* 164 Conn. 169, 319 A.2d 390 (1972), *cert. denied,* 414 U.S. 831, 94 S.Ct. 64, 38 L.Ed.2d 66 (1973); *Bora v. Zoning Board of Appeals of the Town of Norwalk,* 161 Conn. 297, 288 A.2d 89 (1972). The Board must act in accordance with the law or it is without jurisdiction. *See Denning v. County of Maui,* 52 Hawaii 653, 485 P.2d 1048 (1971).

Courts have termed any decision made by a board of adjustment beyond these restrictive powers as "ultra vires and void," *Applestein v. Osborne,* 143 A. at 669, a nullity and of no force and effect, *Kaufman v. City of Glen Cove,* 45 N.Y. S.2d 53, 180 Misc. 349 (1943); *Noonan v. Zoning Board of Review of Town of Barrington,* 90 R.I. 466, 159 A.2d 606 (1960); *DiPalma v. Zoning Board of Review of Town of Bristol,* 72 R.I. 286, 50 A.2d 779 (1947), and "legally meaningless," *Westbury Hebrew Congregation, Inc. v. Downer,* 302 N.Y.S.2d 923, 926, 59 Misc.2d 387 (1969).

It is well settled in Arizona that the powers and duties of an administrative agency are measured and limited by the statute creating it. *Ayala v. Hill,* 136 Ariz. 88, 664 P.2d 238 (App.1983). Under the provisions of A.R.S. § 12–902(B), an appeal from an administrative agency may be heard even though untimely to question the agency's personal or subject matter jurisdiction in a particular case. The Board of Adjustment, though structured much like an administrative agency, acts in a quasi-judicial capacity. *See Hill Homeowners' Association v. Zoning Board of Adjustment,* 129 N.J.Super. 170, 322 A.2d 501 (App.1974). Indeed, Arkules appeared in superior court by special action, formerly a writ of certiorari brought in order to "control acts beyond the jurisdiction of another body ... [and] to review ... the judicial functions of a lower tribunal." *Book Cellar, Inc. v. City of Phoenix,* 139 Ariz. 332, 335, 678 P.2d 517, 520 (App. 1983).

▆▆▆ Therefore, the effect of the void decision by the Board of Adjustment is the same as that of any void decision by a court: "the mere lapse of time does not bar an attack on a void judgment." *Wells v. Valley National Bank of Arizona,* 109 Ariz. 345, 347, 509 P.2d 615, 617 (1973). We have held that a void judgment does not acquire validity because of laches. *International Glass & Mirror, Inc. v. Banco Gan. Y Agr. S.A.,* 25 Ariz.App. 604, 545 P.2d 452 (1976). Statutes of limitation or rules of court are not applicable to void judgments. *Preston v. Denkins,* 94 Ariz. 214, 382 P.2d 686 (1963). Therefore, Arkules was not bound by the 30–day limit of A.R.S. § 9–462.06(J). This special action brought within a reasonable time of learning of the variance was timely, and the court properly denied DeMuro's motion to dismiss for lack of jurisdiction.

### SUBSTANTIAL COMPLIANCE SATISFIES NOTICE REQUIREMENTS

▆▆▆ The Board published its notice of hearing which appeared in the *Scottsdale Daily Progress* and listed the address of the property affected as "6396 North Mummy Mountain Road." The correct address was 6936. Anyone interested, by the exercise of reasonable diligence, could have ascertained whether his property would be affected and in what manner, since the notice named the applicant, the correct street and the specific nature of the request (a color variance). North Mummy Mountain Road is only three blocks long with only five houses. Arkules live immediately adjacent to the property for which the color variance was granted and, at the

time the notice was published and posted, they lived across the street from the applicant DeMuro. The notice was adequate. *Chess v. Pima County,* 126 Ariz. 233, 613 P.2d 1289 (App.1980); *East Camelback Home Owners' Association v. Arizona F N & P,* 18 Ariz.App. 121, 500 P.2d 906 (1972).

■ In addition to the published notice, notices were posted on and near the subject property in compliance with A.R.S. § 9–462.06(F). The notices were posted both on the building site and at the nearest public intersection, North Mummy Mountain Road and Arroyo Road. The Board's departure in this case from its custom of mailing notices to all property owners does not render the notice invalid. There is no statute or rule which requires mailing of the notice to adjoining property owners. We agree with the trial court that the Board substantially complied with notice requirements and affirm.

### RULES AND REGULATIONS OF THE BOARD PROHIBIT A COLOR VARIANCE

■ This court must allow the Board's decision to stand if there is some credible evidence to support it. *Ivancovich v. City of Tucson Board of Adjustment,* 22 Ariz. App. 530, 529 P.2d 242 (1974); *Sevilla v. Sweat,* 9 Ariz.App. 183, 450 P.2d 424 (1969). We are not prohibited from reviewing the evidence presented by the record filed in the superior court, and we may substitute our opinion for that of the superior court since we are reviewing the same record. *Sevilla v. Sweat, supra.* The minutes of the hearing quoted below are insufficient to grant the Board authority to permit the variance.

The statements which MR. DeMURO had given as the basis for his request were reviewed in detail. MR. DeMURO gave an account of his personal experience and aspirations in beginning the project two years ago. He said that all of his life he had hoped to build a Mediterranean home and now he felt he was about to see it built. He said he specifically wanted a house with columns, and a white house. He hastened to say, he did not mean "hospital white" he meant an off-white. He said the architecture and the entire house was designed around his dream of a white house with columns. * * *

And further, the minutes reflect "MR. De-MURO stated that he did not think white blends with the mountain, but he felt it brought out the beauty of the mountain."

■ The Board had no authority to grant a variance to allow Mr. DeMuro's personal preference for a color which would enhance the design he chose for his house. The provisions of A.R.S. § 9–462.06 which give the Board authority read as follows:

G. A board of adjustment shall:

\* \* \* \* \* \*

2. Hear and decide appeals for variances from the terms of the zoning ordinance only if, because of special circumstances applicable to the property, including its size, shape, topography, location, or surroundings, the strict application of the zoning ordinance will deprive such property of privileges enjoyed by other property of the same classification in the same zoning district. Any variance granted is subject to such conditions as will assure that the adjustment authorized shall not constitute a grant of special privileges inconsistent with the limitations upon other properties in the vicinity and zone in which such property is located.

\* \* \* \* \* \*

H. A board of adjustment may not:

\* \* \* \* \* \*

2. Grant a variance if the special circumstances applicable to the property are self-imposed by the property owner.

■ The color of a house is not a factor pertaining to the real property or which would deprive the property of uses or privileges enjoyed by other property of the same zoning classification. Permission to use an unapproved color not compatible with the requirements of the mountain

building regulations also violated the following rules and regulations of the Board which prohibit a color variation.

Sec. V. *Pre-requisites for Granting of a Variance*

All of the following requirements must be met before the Board of Adjustment may lawfully grant a variance:

A. There must be "special circumstances" or factors pertaining to the real property which do or will deprive such property of certain benefits, uses, or privileges enjoyed by other property of the same zoning classification in the Town. The "special circumstances" or factors may be size, shape, topography, location, or the nature of surrounding property.

B. A variance cannot be granted if the "special circumstances" or factors causing the applicant's need for a variance were created by the property owner or occupier or a previous property owner.

C. A variance cannot be granted if it would constitute a grant of special privileges inconsistent with the legal limitations upon other properties in the vicinity and zone in which such property is located.

\*    \*    \*    \*    \*    \*

F. "demonstrable hardship" must relate to the land as opposed to the particular owner or occupant.

The Board's stated reasons for permitting the variance clearly demonstrate that the color variation had nothing to do with the size, shape, topography or location of the property and could not be a special circumstance pertaining to the real property. The permission to change the color in violation of the mountain building regulations was not necessary to relieve DeMuro from a demonstrable hardship but rather to serve as a personal convenience. Statutory provisions and the rules and regulations of the Board specifically state that any hardship must relate to the use of the land as opposed to the owner. A personal hardship does not justify a variance. Hagman, Urban Planning and Land Development Control Law at 204 (1971). A variance is "not a personal exemption from the enforcement of zoning regulations." *Garibaldi v. Zoning Board of Appeals,* 163 Conn. 235, 237, 303 A.2d 743, 745 (1972).

There was no evidence before the Board to support any lawful reason for the exercise of its power to grant a color variance. We find the Board proceeded without legal authority and therefore reverse the judgment of the superior court. Rule 3(b), Rules for Special Actions, 17A A.R.S.

Affirmed in part, reversed in part and remanded for entry of judgment declaring the variance invalid.

BIRDSALL and FERNANDEZ, JJ., concur.