816 P.2d 934

**Wade H. LANE and Barbara Lee Lane, Petitioners–Appellants,**

v.

**The CITY OF PHOENIX, Mayor Terry Goddard, William S. Parks, M.D., Duane Pell, Paul Johnson, John B. Nelson, Howard Adams, Linda Nadolski, Mary Rose Wilcox, and Calvin C. Goode, Respondents–Appellees.**

No. 1 CA–CV 90–067.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 22, 1991.

**38**

Charles A. Ditsch, Phoenix, for petitioners-appellants.

Roderick G. McDougall, City Atty. by Michael D. House, Asst. Chief Counsel, Edward P. Reeder, Asst. City Atty., Phoenix, for respondents-appellees.

## OPINION

HAIRE, Judge.

Appellants Wade H. and Barbara Lee Lane (property owners) have appealed from a judgment entered by the Maricopa County Superior Court dismissing their special action and affirming the Phoenix City Council's decision holding that the use of their property as a commercial dog kennel was not a valid nonconforming use under the City's zoning ordinances.

The issue that is dispositive of this appeal is whether the Phoenix City Council applied the correct standard of review when it heard an appeal of a decision rendered by the Phoenix Board of Adjustment (Board).

## BACKGROUND

In January of 1989, the City of Phoenix served the property owners with a notice that their operation of a commercial dog kennel on the subject property was a violation of the City of Phoenix zoning code. The property owners contended that their use of the property as a commercial dog kennel constituted a valid nonconforming use and filed an application for a determination that the use was not unlawful. They claimed that when the property was annexed by the City in March, 1960, it was being lawfully used as a commercial dog kennel, and that this use had never been abandoned.

The property owners' application was first considered by a hearing officer, but the hearing officer referred the matter to the Board of Adjustment when he determined that he had prepared one of the zoning maps that would be used as evidence in the proceeding. After conducting a hearing at which evidence was presented by the City and the property owners, the Board ruled that use of the property as a commercial dog kennel was a valid nonconforming use. Neighbors of the property owners appealed the Board's decision to the Council, which, after considering petitions stating additional facts protesting the continued use of the property as a dog kennel, reversed the Board and held that the property owners had not proven that the use of the subject property as a commercial dog kennel was a valid nonconforming use. The property owners then filed a special action in superior court seeking a review of the Council's decision.

## SCOPE OF CITY COUNCIL'S REVIEW OF BOARD OF ADJUSTMENT DECISION UNDER A.R.S. § 9–462.06(J)

██ The first question presented is whether in an appeal to a city council from a board of adjustment decision pursuant to A.R.S. § 9–462.06(J), the city council may consider new evidence and reweigh evidence previously submitted to the board of adjustment. A.R.S. § 9–462.06(J) was enacted in 1988 and provides as follows:

In a municipality with a population of more than one hundred thousand persons according to the latest United States decennial census, a person aggrieved by a decision of the board or a taxpayer, officer or department of the municipality affected by a decision of the board may file, at any time within fifteen days after the board has rendered its decision, an appeal with the clerk of the legislative body. The legislative body shall hear the appeal and may affirm or reverse, in whole or in part, or modify the board's decision. The authority to file a complaint, as provided in subsection K of this section, may be used in lieu of or in addition to the appeal provided in this subsection.

Before the enactment of this provision, a city council had no authority to review a decision made by a board of adjustment in zoning enforcement and variance matters. Review of a board of adjustment decision

could be obtained only by filing a complaint for special action in the superior court. *See* A.R.S. § 9–462.06(K).[1] After the enactment of A.R.S. § 9–462.06(J) in 1988, in a municipality having a population of more than one hundred thousand persons, a party aggrieved by the Board's decision was given another avenue of appeal. Not only could review be obtained by complaint for special action in the superior court, but, in addition, review could be obtained by filing an "appeal" to the council of the city involved.

The statute provides little guidance as to the intended standard of review to be exer-

1. After the 1988 amendment, A.R.S. § 9–462.06 reads as follows:

A. The legislative body shall, by ordinance, establish a board of adjustment, which shall consist of not less than five nor more than seven members appointed by the legislative body in accordance with provisions of the ordinance, except that the ordinance may establish the legislative body as the board of adjustment. The legislative body may, by ordinance, delegate to hearing officer the authority to hear and decide on matters within the jurisdiction of the board of adjustment as provided by this section, except that the right of appeal from the decision of a hearing officer to the board of adjustment shall be preserved.

B. The ordinance shall provide for public meetings of the board, for a chairman with the power to administer oaths and take evidence, and that minutes of its proceedings showing the vote of each member and records of its examinations and other official actions be filed in the office of the board as a public record.

C. A board of adjustment shall hear and decide appeals from the decisions of the zoning administrator, shall exercise such other powers as may be granted by the ordinance and adopt all rules and procedures necessary or convenient for the conduct of its business.

D. Appeals to the board of adjustment may be taken by persons aggrieved or by any officer, department, board or bureau of the municipality affected by a decision of the zoning administrator, within a reasonable time, by filing with the zoning administrator and with the board a notice of appeal specifying the grounds thereof. The zoning administrator shall immediately transmit all records pertaining to the action appealed from to the board.

E. An appeal to the board stays all proceedings in the matter appealed from, unless the zoning administrator certifies to the board that, in his opinion by the facts stated in the certificate, a stay would cause imminent peril to life or property. Upon such certification proceedings shall not be stayed, except by restraining order granted by the board or by a court of record on application and notice to the zoning administrator. Proceedings shall not be stayed if the appeal requests relief which has previously been denied by the board except pursuant to a special action in superior court as provided in subsection J of this section.

F. The board shall fix a reasonable time for hearing the appeal, and shall give notice of hearing by both publication in a newspaper of general circulation in accordance with § 9–462.04 and posting the notice in conspicuous places close to the property affected.

G. A board of adjustment shall:

1. Hear and decide appeals in which it is alleged there is an error in an order, requirement or decision made by the zoning administrator in the enforcement of a zoning ordinance adopted pursuant to this article.

2. Hear and decide appeals for variances from the terms of the zoning ordinance only if, because of special circumstances applicable to the property, including its size, shape, topography, location, or surroundings, the strict application of the zoning ordinance will deprive such property of privileges enjoyed by other property of the same classification in the same zoning district. Any variance granted is subject to such conditions as will assure that the adjustment authorized shall not constitute a grant of special privileges inconsistent with the limitations upon other properties in the vicinity and zone in which such property is located.

3. Reverse or affirm, wholly or partly, or modify the order, requirement or decision of the zoning administrator appealed from, and make such order, requirement, decision or determination as necessary.

H. A board of adjustment may not:

1. Make any changes in the uses permitted in any zoning classification or zoning district, or make any changes in the terms of the zoning ordinance provided the restriction in this paragraph shall not affect the authority to grant variances pursuant to this article.

2. Grant a variance if the special circumstances applicable to the property are self-imposed by the property owner.

I. If the legislative body is established as the board of adjustment, it shall exercise all of the functions and duties of the board of adjustment in the same manner and to the same effect as provided in this section.

J. (quoted in full in the text of this opinion)

K. A person aggrieved by a decision of the legislative body or board or a taxpayer, officer or department of the municipality affected by a decision of the legislative body or board may, at any time within thirty days after the board has rendered its decision, file a complaint for special action in the superior court to review the legislative body or board decision. Filing the complaint does not stay proceedings on the decision sought to be reviewed, but the court may, on application, grant a stay and on final hearing may affirm or reverse, in whole or in part, or modify the decision reviewed.

cised by a city council in this newly created appeal. In disposing of the appeal, a city council is given the authority to "affirm or reverse, in whole or in part, or modify the board's decision." Practically identical language is used to describe the superior court's authority when review of a board of adjustment decision is sought by special action, and case law has clearly established that under such circumstances, the superior court is bound by the evidence presented to the Board, and cannot receive additional evidence or reweigh the evidence previously considered by the Board in order to arrive at a different factual determination. *See, Murphy v. Town of Chino Valley*, 163 Ariz. 571, 789 P.2d 1072 (App.1989); *Blake v. City of Phoenix*, 157 Ariz. 93, 754 P.2d 1368 (App.1988).

The City urges that notwithstanding the use of substantially identical language in describing both the superior court's and a city council's review authority in an appeal from a board of adjustment, when the legislature enacted subsection (J), it intended to allow a city council to conduct a *de novo* review, that is, to both reweigh the evidence presented to the Board and also to receive any new evidence that the parties might wish to present.

The legislative history of subsection (J) furnishes no hint as to legislative intent on this issue. Although subsection (J) was enacted as Senate Bill 1163, its language was not in the original bill of that number considered by the Arizona Senate, but rather was inserted by floor amendment in the House of Representatives. As a result, there was no reported committee consideration in either house. *See*, Senate Journal, 38th Legislature, p. 990; House Journal, 38th Legislature, p. 1154; Laws 1988, Ch. 269.

Because there is no legislative history which might aid us in determining legislative intent on the issue presented, we will consider newly enacted subsection (J) within the context of the remainder of the statutory scheme set forth in A.R.S. § 9–462.06 in an effort to resolve the question. *See, Trickel v. Rainbo Baking Company of Phoenix*, 100 Ariz. 222, 228, 412 P.2d 852,

855 (1966); *Libra Group, Inc. v. State*, 167 Ariz. 176, 805 P.2d 409 (App.1991).

Before proceeding further, we note that the City's position before this court is that in hearing an appeal from the Board, it may effectively substitute itself for a board of adjustment, and exercise all of the evidentiary and decisional functions normally exercised by a board of adjustment under Arizona law. Although A.R.S. § 9–462.06 contemplates that zoning ordinances enacted by a city council will create a board of adjustment which is separate and apart from the council, the statute also authorizes the council to forego the creation of a separate board of adjustment. Under such circumstances, the council itself will then function as the board of adjustment. *See*, A.R.S. § 9–462.06(A). If the ordinance establishes the council itself as the board of adjustment, then, under subsection (I), the council is empowered to "exercise all of the functions and duties of the Board of Adjustment, in the same manner and to the same effect" as otherwise would be exercised by the board.

In the case presently before this court, the council has not taken advantage of the statutory provision which would enable it to exercise "in the same manner and to the same effect" the functions and duties of a board of adjustment. Yet, the council would effectively accomplish, on a selective basis, the same result if its authority on appeal under newly enacted subsection (J) is interpreted as urged by the City.

Although we find no clear answer in A.R.S. § 9–462.06 concerning the intended scope of review by a council of a board of adjustment decision, we have concluded that the review is limited in scope as urged by the property owners, and that the council does not have the authority to take additional evidence or to reweigh evidence previously considered by the Board so as to substitute its factual conclusions for those of the Board.

In arriving at our decision, we have relied upon the fact that there is no provision in newly enacted subsection (J) or in the remainder of A.R.S. § 9–462.06 that indicates an intention to grant *de novo* review

authority to the council. In this connection, we note that when *de novo* review is intended, the legislature has not found it difficult to so provide. *See, e.g.,* A.R.S. § 12–910(B) and former A.R.S. § 20–166 (concerning appeals from the director of insurance).

If there were other provisions in A.R.S. § 9–462.06 indicating an intent that in hearing the appeal the council was to function in an evidentiary capacity, we would not find the absence of an express provision for *de novo* review overly persuasive. However, no such provisions are present. Subsection (J) merely provides that the council "shall hear the appeal." There is nothing in the statute to indicate that in "hearing" the appeal the council is to exercise the powers and extend to the parties the protections normally afforded when an evidentiary proceeding is anticipated. Thus, while A.R.S. § 9–462.06(B) expressly provides that the chairman of the board of adjustment will have the power "to administer oaths and take evidence," there is no similar provision in § 9–462.06 giving such authority to the council when hearing a subsection (J) appeal from the Board. Likewise, in describing the Board's power in hearing an appeal from the Board's hearing officer, A.R.S. § 9–462.06(F) requires that the Board "give notice of hearing by both publication in a newspaper of general circulation ... and posting the notice in conspicuous places close to the property affected." No similar requirements are imposed by § 9–462.06 on an appeal to the council under subsection (J).

In *Murphy v. Town of Chino Valley,* 163 Ariz. 571, 789 P.2d 1072 (App.1989), the question presented was whether, under A.R.S. § 9–462.06, a board of adjustment had *de novo* review authority on an appeal from a decision of its hearing officer. The court of appeals considered the provisions of § 9–462.06 relating to the powers and duties of a board of adjustment, and from those provisions inferred a statutory intent to give the board *de novo* review authority. Conversely, in our opinion, the absence of any similar provisions in § 9–462.06 governing the council in hearing a subsection (J) appeal from the board must be taken as an indication of a legislative intent that the council was not to proceed on a *de novo* basis.

In conclusion, we note that there is no indication in A.R.S. § 9–462.06 concerning underlying policy considerations that might have led to the enactment of subsection (J). As previously indicated, A.R.S. § 9–462.06 now gives a party separate and alternative avenues to gain review of a Board of Adjustment decision, one bypassing the council and going directly to the superior court, and the other going first to the council and then to the superior court. In considering the appropriate function of a city council under this review scheme, it must be kept in mind that under Arizona's zoning laws, a city council, as such, has never been given the final voice for the city in the matter of the *enforcement* of the city's zoning laws. Conversely, a city council has always been the final voice for the city when it functions as a legislative body in the enactment or amendment of zoning ordinances. Therefore, it is entirely appropriate that in reviewing a decision of a hearing officer or planning commission *regarding zoning changes,* the hearing officer's or planning commission's decision is in the form of a recommendation only, and the council, in exercising its *legislative* function, is not bound by the matters presented to the hearing officer or the planning commission. *See,* A.R.S. § 9–462.04(B); *Bartolomeo v. Town of Paradise Valley,* 129 Ariz. 409, 631 P.2d 564 (App.1981); *Wait v. City of Scottsdale,* 127 Ariz. 107, 618 P.2d 601 (1980).

Arizona's zoning statutes, however, do not grant legislative authority to a city council or a board of adjustment in the exercise of their authority relating to the *enforcement* of zoning ordinances previously enacted or the granting of variances. To the contrary, case law establishes that a board of adjustment has no legislative authority and acts solely in a quasi-judicial capacity in exercising its zoning enforcement duties. *See, Arkules v. Board of Adjustment,* 151 Ariz. 438, 728 P.2d 657 (App.1986). It logically follows that when a city council is considering an appeal from

a board of adjustment pursuant to A.R.S. § 9–462.06(J), the council likewise functions in a quasi-judicial capacity, and its powers would be much more limited than when it functions as a legislative body considering decisions (recommendations) made by a planning commission or zoning administrator.

■ For the reasons set forth in this opinion, we hold that in hearing an appeal from a board of adjustment pursuant to A.R.S. § 9–462.06(J), a city council is bound by the record presented to the board, and may not consider new evidence or reweigh the evidence previously presented to the board. The decision of the Phoenix City Council is reversed, and the matter is remanded for further proceedings consistent with this opinion.

CONTRERAS, P.J., and JACOBSON, J., concur.

Note: Retired Judge LEVI RAY HAIRE was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, and A.R.S. § 38–813.