NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

LEGACY FOUNDATION ACTION FUND, *Plaintiff/Appellant,*

*v.*

CITIZENS CLEAN ELECTIONS COMMISSION, *Defendant/Appellee.*

No. 1 CA-CV 15-0455
FILED 11-15-2016

Appeal from the Superior Court in Maricopa County
No. LC2015-000172-001
The Honorable Crane McClennen, Judge *Retired*

**AFFIRMED**

COUNSEL

Bergin Frakes Smalley & Oberholtzer, PLLC, Phoenix
By Brian M. Bergin

Holtzman Vogel Josefiak, PLLC, Warrenton, VA
By Jason Brett Torchinsky
*Co-Counsel for Plaintiff/Appellant*

Osborn Maledon, PA, Phoenix
By Mary R. O'Grady, Joseph N. Roth, Nathan Arrowsmith
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Justice Rebecca White Berch[1] joined.

---

**C A T T A N I**, Judge:

**¶1**   Legacy Foundation Action Fund ("Legacy") appeals from the superior court's dismissal of its appeal from a decision of the Citizens Clean Elections Commission (the "Commission"). For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**   Legacy is a non-profit organization that seeks to educate the public on a variety of public policy issues. In March and April of 2014, Legacy funded a television advertisement criticizing certain policy positions taken by Mesa Mayor Scott Smith, who was serving as President of the United States Conference of Mayors at that time. Smith had recently announced his candidacy for governor and his intention to resign as mayor of Mesa.

**¶3**   A complaint was filed with the Commission asserting that the advertisement violated the Citizens Clean Elections Act. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 16-940 to -961.[2] The complaint alleged that the advertisement contained "express advocacy" against Smith's gubernatorial campaign, and that Legacy was thus required to file certain disclosure reports with the secretary of state. A.R.S. §§ 16-901.01(A), -941(D).

**¶4**   The Commission found probable cause to believe that Legacy had violated the Act and assessed a civil penalty, and Legacy requested an administrative hearing. An administrative law judge ("ALJ") disagreed

---

[1]  The Honorable Rebecca White Berch, Retired Justice of the Arizona Supreme Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]  Absent material revisions after the relevant date, we cite a statute's current version.

with the Commission's conclusions and found that the Commission lacked statutory authority to assess a civil penalty because Legacy's advertisement did not expressly advocate for Smith's defeat. The Commission rejected the ALJ's recommendation, however, and entered a final administrative decision against Legacy on March 27, 2015.

**¶5**     Eighteen days after the Commission entered its decision, Legacy filed a notice of appeal seeking judicial review in superior court. The superior court dismissed the case, on jurisdictional grounds because Legacy's appeal was not filed within the 14-day time limit for appeals from the Commission's final penalty decisions. *See* A.R.S. § 16-957(B). Legacy timely appealed the dismissal, and we have jurisdiction under A.R.S. § 12-913.

## DISCUSSION

**¶6**     Legacy argues that the superior court erred by dismissing the appeal. We review de novo dismissal due to lack of jurisdiction. *Church of Isaiah 58 Project of Ariz., Inc. v. La Paz County*, 233 Ariz. 460, 462, ¶ 9 (App. 2013).

**¶7**     Under A.R.S. § 16-957(B), when the Commission "issue[s] an order assessing a civil penalty," the party against whom the penalty is assessed "has fourteen days from the date of issuance of the order . . . to appeal to the superior court." Legacy asserts that this provision only applies to an initial order assessing civil penalties, not to a later confirmation of that order following an administrative hearing. Legacy argues that the superior court should have instead applied the 35-day time to appeal specified in the Judicial Review of Administrative Decisions Act ("JRADA"). *See* A.R.S. § 12-904(A).

**¶8**     This argument is foreclosed by *Smith v. Arizona Citizens Clean Elections Commission*, 212 Ariz. 407, 412–13, ¶¶ 22–30 (2006), in which the Arizona Supreme Court held that § 16-957(B) applies to both an initial order assessing civil penalties and to a subsequent final administrative decision confirming the penalty after review by an ALJ. In *Smith*, the Commission had similarly entered an order against a party, the party pursued review by an ALJ, and the Commission confirmed its order in a final administrative decision. *Id.* at 412, ¶¶ 19–20. The party appealed to the superior court outside the 14-day window of § 16-957(B), and the superior court dismissed the case for lack of jurisdiction. *Id.* at 412–13, ¶¶ 17, 21, 25. Acknowledging the 35-day time for appeal under the general provisions of the JRADA, the Arizona Supreme Court nevertheless affirmed the dismissal because

3

JRADA provides that its prescribed procedures (including the 35-day appeal deadline) for judicial review apply *unless* "a more definite procedure is set forth in 'the act creating or conferring power on an agency or a separate act.'" *Id.* at 413, ¶ 29 (quoting A.R.S. § 12-902(A)(1)). Here, the Citizens Clean Elections Act provides a more definite 14-day deadline for review of Commission decisions. *Id.*; *see also* A.R.S. § 16-957(B). Thus, the 35-day appeal deadline under JRADA does not apply.

¶9            Legacy further argues that the superior court should have exercised jurisdiction over its appeal because an administrative decision that goes beyond an agency's statutory authority is void, and a void judgment may be challenged at any time. *See State ex rel. Dandoy v. City of Phoenix*, 133 Ariz. 334, 336 (App. 1982). But "the right to appeal from any ruling including an administrative decision exists only by force of statute and is limited by the terms of the statute." *Guminski v. Ariz. State Veterinary Med. Exam. Bd.*, 201 Ariz. 180, 182, ¶ 8 (App. 2001). Thus, although Legacy could have challenged the agency's authority on appeal even if it had not first raised such a claim before the administrative agency, Legacy was not excused from following the requirements of the statute establishing appellate deadlines.

¶10           Legacy asserts that an appeal challenging an administrative body's subject matter jurisdiction may be heard at any time under A.R.S. § 12-902(B). Section 12-902(B) provides that a party is barred from seeking judicial review of an administrative decision if the party fails to file a timely appeal. It also limits any appeal from "an administrative decision [that] becomes final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law" to questions about the administrative body's jurisdiction.

¶11           Although section 12-902(B) does not explicitly allow a party to file a late appeal questioning jurisdiction, Legacy argues that such an appeal is authorized under *Arkules v. Board of Adjustment*, 151 Ariz. 438, 440 (App. 1986), in which this court stated that "[u]nder the provisions of A.R.S. § 12-902(B), an appeal from an administrative agency may be heard even though untimely to question the agency's personal or subject matter jurisdiction." But *Arkules* involved a special action challenging an administrative body's authority brought by a non-party, not a direct appeal. *Id.* at 439–40. And the provisions of § 12-902(B) specifically apply to "the parties to the proceeding before the administrative agency." Thus, the *Arkules* court's interpretation of § 12-902(B) is at most dictum, because it

addresses a question not necessarily involved in the case. *See Creach v. Angulo*, 186 Ariz. 548, 552 (1996).

¶12 And we disagree that the *Arkules* dictum should be applied to parties to a proceeding. The language of § 12-902(B) does not allow an appeal of an administrative decision to be heard after the allotted time for appeal has passed. Instead, it restricts a party who has suffered an administrative default or who has not exhausted administrative remedies from challenging the merits of the agency's decision. *See also Sw. Paint & Varnish Co. v. Ariz. Dep't of Envtl. Quality*, 194 Ariz. 22, 24, ¶ 10 (1999) ("We read § 12-902(B) as encompassing the traditional doctrine of exhaustion of administrative remedies . . . .").

¶13 Legacy also points to *Collins v. State*, 166 Ariz. 409 (App. 1990), *Gilbert v. Board of Medical Examiners*, 155 Ariz. 169 (App. 1987), and *Murphy v. Board of Medical Examiners*, 190 Ariz. 441 (App. 1997), as support for its position that the superior court's appellate jurisdiction extends to untimely appeals challenging an administrative agency's jurisdiction. But these cases only confirm that § 12-902(B) allows a party to challenge jurisdiction even without having exhausted administrative remedies, and that a party may, in certain circumstances, challenge an administrative decision as void by collateral attack even if an appeal would be untimely. Neither § 12-902(B) nor the cases cited by Legacy support the proposition that an administrative body's jurisdiction can be challenged in an untimely appeal.

¶14 Finally, Legacy argues that its time to comply with § 16-957 should have been extended by five days under the Arizona Rules of Procedure for Judicial Review of Administrative Decisions ("ARPJRAD"). ARPJRAD 1 incorporates most of the Arizona Rules of Civil Procedure, including Rule 6(e), which extends by five calendar days a deadline to act "within a prescribed period after the service of a notice or other paper" if service is effected by mail or by electronic means.

¶15 The additional time provided by Rule 6(e) did not apply to Legacy's appeal because the 14-day deadline for appeal of the Commission's decision runs "from the date of *issuance* of the [Commission's final] order," not from "service." *See* A.R.S. § 16-957(B) (emphasis added); *see also In re $47,611.31 U.S. Currency*, 196 Ariz. 1, 4, ¶ 13 (App. 1999) ("If the time is triggered by the *filing* or *mailing* of the paper, Rule 6(e) does not apply; on the other hand, if the trigger point is *service* of the paper, Rule 6(e) does apply."). Thus, although Rule 6(e) may extend the time to appeal from certain administrative decisions, it does so only if the agency's action becomes effective upon service or notice. *See Thielking v. Kirschner*, 176 Ariz.

154, 155, 157 (App. 1993) (holding that Rule 6(e) applied when administrative decision was served by mail and statute required appeal within 35 days of service). Although a Commission regulation requires final Commission decisions to be served on all parties, Ariz. Admin. Code R2-20-227(B), § 16-957(B) specifies a deadline running from issuance of the final decision, not from service. Thus, service of the decision did not trigger Rule 6(e).

**¶16** The Commission seeks an award of costs on appeal under A.R.S. § 12-912. But that statute applies to costs "in an amount deemed reasonable by the superior court" that were "incurred in preparing the record of the proceedings before judicial review" (that is, preparation of the administrative record for the superior court's review, *see Culpepper v. State*, 187 Ariz. 431, 438–39 (App. 1996)), not to costs on appeal to this court. Because the Commission did not seek § 12-912 costs from the superior court, we deny its request for costs.

## CONCLUSION

**¶17** For the foregoing reasons, the superior court did not err when it dismissed Legacy's appeal for want of subject matter jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA