IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

LEGACY FOUNDATION ACTION FUND,
*Plaintiff/Appellant*,

*v.*

CITIZENS CLEAN ELECTIONS COMMISSION,
*Defendant/Appellee*.

No. CV-16-0306-PR
Filed **January 25, 2018**

Appeal from the Superior Court in Maricopa County
The Honorable Crane McClennen, Judge
No. LC2015-000172
**AFFIRMED**

Memorandum Decision of the Court of Appeals, Division One
1 CA-CV 15-0455
Filed Nov. 15, 2016
**VACATED**

COUNSEL:

Brian M. Bergin, Bergin, Frakes, Smalley & Oberholtzer, PLLC, Phoenix; Jason B. Torchinsky (argued), Holtzman Vogel Josefiak Torchinsky, PLLC, Warrenton, VA, Attorneys for Legacy Foundation Action Fund

Mary R. O'Grady, Joseph N. Roth (argued), Nathan T. Arrowsmith, Osborn Maledon, P.A., Phoenix, Attorneys for Citizens Clean Elections Commission

_____

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, JUSTICES BRUTINEL, TIMMER, and GOULD, and JUDGE PHILIP G. ESPINOSA joined.[*]

_____

JUSTICE BOLICK, opinion of the Court:

**¶1**    This case presents the question whether the fourteen-day time limit for an appeal of a Citizens Clean Elections Commission (the "Commission") decision under A.R.S. § 16-957(B) applies when the party challenges the Commission's personal and subject-matter jurisdiction.  We hold that it does.

## BACKGROUND

**¶2**    Legacy Foundation Action Fund ("Legacy") is a nonprofit organization that seeks to educate the public on governmental policy issues.  In March and April of 2014, Legacy funded a television advertisement that aired on multiple occasions criticizing then-Mesa Mayor Scott Smith's record as President of the U.S. Conference of Mayors.  Smith had previously announced his candidacy for governor.

**¶3**    A complaint was filed with the Commission alleging that the ads constituted "express advocacy" against Smith's campaign for governor and that Legacy failed to file certain disclosure reports in violation of the Citizens Clean Elections Act, A.R.S. §§ 16-940 to -961 ("CCEA").  The Commission found probable cause to believe that Legacy had violated the CCEA and assessed a civil penalty, and Legacy requested an administrative hearing.  The administrative law judge ("ALJ") concluded that the ads did not constitute express advocacy and, therefore, the Commission lacked

_____

[*]Justice John R. Lopez IV has recused himself from this case.  Pursuant to article 6, section 3 of the Arizona Constitution, the Honorable Philip G. Espinosa, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.

statutory authority to assess the penalty. The Commission rejected the ALJ's recommendation, affirmed its earlier order and penalty, and entered a final administrative decision against Legacy on March 27, 2015.

¶4 Eighteen days after the Commission's final decision, Legacy filed an appeal in superior court. Legacy argued that the Commission lacked personal and subject-matter jurisdiction because the ads did not constitute direct advocacy. The court dismissed the appeal because it was not filed within fourteen days of a final Commission penalty decision as required by A.R.S. § 16-957(B). The court of appeals affirmed. *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 1 CA-CV 15-0455, 2016 WL 6699308, at *1 ¶ 1 (Ariz. App. Nov. 15, 2016) (mem. decision).

¶5 Whether § 16-957(B)'s time limit applies to a direct appeal of the Commission's penalty decision when the appellant challenges the Commission's jurisdiction is a recurrent issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

¶6 Ordinarily "[w]e review an order granting a motion to dismiss for abuse of discretion," *Dressler v. Morrison*, 212 Ariz. 279, 281 ¶ 11 (2006), but "[d]etermining the procedure for review of administrative decisions involves the interpretation of rules and statutes, which we review de novo." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 412 ¶ 18 (2006).

¶7 An aggrieved party generally has thirty-five days to appeal a final administrative decision. A.R.S. § 12-904(A). However, the CCEA provides a fourteen-day time limit for appeals from Commission penalty orders. § 16-957(B) ("The violator has fourteen days from the date of issuance of the order assessing the penalty to appeal to the superior court . . . ."). Legacy failed to file its direct appeal in the superior court within that limited time frame.

3

**¶8** Failure to file a timely appeal from an agency decision deprives the court of jurisdiction to hear the appeal, including issues of agency jurisdiction. *Smith*, 212 Ariz. at 413 ¶ 25 (stating that "the time for filing an appeal, . . . following the conclusion of the administrative process, is jurisdictional"). Thus, we are "not free to ignore the clear statutory language of A.R.S. § 16-957(B) and create jurisdiction in the superior courts where the legislature has provided to the contrary." *Id.* at 414 ¶ 35.

**¶9** Legacy asserts that an exception to this rule exists to challenge an agency's subject-matter or personal jurisdiction. Legacy argues that the secretary of state has exclusive jurisdiction over the matter at issue because its ad was not express advocacy. *See* § 16-941(D) (requiring reporting of certain independent expenditures to the secretary of state).[1] An order is void if it exceeds the jurisdiction of the court or agency rendering it. *See, e.g.*, *Am. Asphalt & Grading Co. v. CMX, LLC*, 227 Ariz. 117, 119 ¶ 11 (2011) (acknowledging that "void judgments are those rendered by a court lacking jurisdiction over subject matter or parties" (citing *Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980))); *see also Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 291, 298 (5th Cir. 2015) (challenging jurisdiction under Federal Rule of Civil Procedure 60(b)(4)); *Dallas v. Ariz. Corp. Comm'n*, 86 Ariz. 345, 348 (1959) ("We hold, therefore, that the action of the Commission canceling the certificate in question was entered without jurisdiction and such orders are declared to be void and of no effect.").

**¶10** Legacy cites cases in which allegedly void judgments were challenged through Arizona Rule of Civil Procedure 60 or special action long after the judgments were issued. *See, e.g.*, *Arkules v. Bd. of Adjustment*, 151 Ariz. 438, 440 (App. 1986) (concerning a special action challenge to an allegedly void board of adjustment decision); *Nat'l Inv. Co. v. Estate of Bronner*, 146 Ariz. 138, 140 (App. 1985) (concerning a Rule 60 challenge to an allegedly void judgment). Although Legacy apparently filed two special actions in superior court that were dismissed for failure to exhaust

---

[1] Legacy also raises First Amendment challenges to the Commission's order. We do not consider them because they are beyond the scope of the question presented to the Court, and because Legacy does not explain how such substantive arguments can properly be raised in an untimely direct appeal.

administrative remedies, this action does not challenge the Commission's jurisdiction through Rule 60, special action, or as a defense to an enforcement action. Rather, it does so through a direct appeal, the filing deadline for which is itself jurisdictional.

¶11 Legacy contends any statutory time limit is abrogated by § 12-902(B), which provides:

> Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision. If under the terms of the law governing procedure before an agency an administrative decision becomes final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision is not subject to judicial review under the provisions of this article *except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.*

(emphasis added).

¶12 Legacy contends the highlighted language allows aggrieved parties to challenge the Commission's jurisdiction through direct appeal notwithstanding the fourteen-day time limit for appealing Commission penalties under § 16-957(B). But that argument is unavailing. Section 12-902 expressly does not apply "if the act creating or conferring power on an agency . . . provides for judicial review of the agency decisions and prescribes a definite procedure for the review." § 12-902(A)(1). The CCEA provides for judicial review of Commission decisions and prescribes a definite procedure for the review; thus § 16-957(B), not § 12-902(B), applies.

¶13 Legacy relies upon two appeals court decisions—*State ex rel. Dandoy v. City of Phoenix* and *Arkules v. Board of Adjustment*—for the proposition that statutes of limitations (such as § 16-957(B)) do not apply to jurisdictional challenges. In *State ex rel. Dandoy v. City of Phoenix*, 133 Ariz. 334 (App. 1982), the party challenging an injunction based on an

administrative consent order had failed to timely appeal that order. *Id.* at 335–36. It nevertheless challenged the agency's subject-matter jurisdiction to enter the consent order based on § 12-902(B). *Id.* at 336. The court rejected the argument but agreed that § 12-902(B) permits an untimely challenge if the agency lacked jurisdiction to enter its order. *Id.* at 336–37.

¶14 *Arkules* involved a special action in superior court challenging a local board's jurisdiction after the plaintiffs learned the board had approved a variance. 151 Ariz. at 439. The court construed § 12-902(B) to provide that "an appeal from an administrative agency may be heard even though untimely to question the agency's personal or subject matter jurisdiction." *Id.* at 440. From this, the court determined that the statute of limitations for a direct appeal was inapplicable and concluded that the special action was filed within a "reasonable time" after the board's action. *Id.* We reject those opinions' construction of § 12-902(B).

¶15 As explained previously, *supra* ¶ 12, § 12-902 by its terms does not apply where a statute creating an agency prescribes its own time limits for appeals. § 12-902(A)(1). And even if § 12-902(B) applies, its terms do not create the exception Legacy asserts. Section 12-902(B)'s first sentence sets forth a definitive rule: "Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision." The second sentence limits otherwise applicable appeal rights when "an administrative decision becomes final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law." § 12-902(B); *see Sw. Paint & Varnish Co. v. Ariz. Dep't of Envtl. Quality,* 194 Ariz. 22, 24 ¶ 10 (1999) ("We read § 12-902(B) as encompassing the traditional doctrine of exhaustion of administrative remedies . . . ."). Under those circumstances, "the decision is not subject to judicial review . . . except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." § 12-902(B). In other words, when a decision becomes final because of failure to exhaust administrative remedies, the time limit to appeal applies, and the party may only contest jurisdiction. Contrary to Legacy's assertions and to the court of appeals' construction of this provision in *Arkules* and *Dandoy*, § 12-902(B) does not create an exception to the time allotted to take

an appeal from a final agency decision. We therefore disavow the language in *Arkules* and *Dandoy* that construes § 12-902(B) to provide limitless entitlement to challenge an administrative agency's jurisdiction through direct appeal.

**¶16** Quoting *Arkules*, Legacy also contends that "[s]tatutes of limitation or rules of court are not applicable to void judgments," and therefore statutes stating time limits for appeals do not apply to jurisdictional challenges. 151 Ariz. at 440. This argument, however, conflates two distinct issues. The quoted language is based on decisions of this Court recognizing that a party may seek relief in the trial court from a void judgment beyond the six-month time limit that generally applies for seeking Rule 60(c) relief from a judgment. *See Wells v. Valley Nat'l Bank of Ariz.*, 109 Ariz. 345, 347 (1973) (stating that "the mere lapse of time is no bar to an attack on a void judgment"); *Preston v. Denkins*, 94 Ariz. 214, 219 (1963) (observing that the "right to challenge a judgment on the ground that it is void for lack of jurisdiction . . . does not depend upon rules of the court or statute. . . . Statutes of limitations have no application to void judgments").

**¶17** These decisions are inapposite. Although a party may seek relief from a void judgment beyond the usual time limits, *see* Ariz. R. Civ. P. 60(c), that proposition does not suggest a party can belatedly do so through direct appeal under an applicable statute that contains specific time limits. Such provisions are not statutes of limitations but rather confer limited appellate jurisdiction subject to timely action by the appealing party. Failure to appeal in a timely manner thus deprives the appellate court (here the superior court) of jurisdiction.

**¶18** In *Smith*, 212 Ariz. at 413 ¶ 25, we cited *Arizona Department of Economic Security v. Holland*, 120 Ariz. 371 (App. 1978), which explains this important distinction. In *Holland*, a party sought review of an allegedly void agency determination outside of the thirty-five-day time limit prescribed by A.R.S. § 12-904. *Id.* at 372. The appellant argued that the provision was a statute of limitations that had no effect on a challenge to a void judgment. *Id.* The court held that the time limit was not a statute of limitations but a "jurisdictional prerequisite to judicial review of an administrative decision." *Id.* at 372–73; *see also Ariz. Comm'n of Agric. & Horticulture v. Jones*, 91 Ariz. 183, 187 (1962) (stating that a "right of appeal

'exists only by force of statute, and this right is limited by the terms of the statute'" (quoting *Knape v. Brown*, 86 Ariz. 158, 159 (1959))).

¶19 Because Legacy pursued a direct appeal through a statute that specifies a time limit, the superior court lacked jurisdiction to consider any questions concerning the Commission's jurisdiction or any other substantive matter because the appeal was untimely. Accordingly, the superior court correctly dismissed the appeal, and the court of appeals correctly affirmed that ruling. We express no view on whether Legacy may pursue alternative procedural means to challenge the Commission's penalty order as void.

## CONCLUSION

¶20 We vacate the decision of the court of appeals and affirm the superior court's dismissal of the administrative appeal. Legacy's request for attorney fees is denied.