## A. R. HANKS v. THE STATE.

### No. 3718.   Decided January 30, 1907.

**1.—Sunday Law—Charge Refused—Dealer in Merchandise.**

On a trial for a violation of the Sunday law, a special instruction to the effect that before the jury could convict the defendant they must believe beyond a reasonable doubt that the defendant˙ was a merchant, grocer or dealer in wares and merchandise, should have been submitted to the jury.

**2.—Same—Ejusdem Generis—General and Particular Words—Rule of Construction.**

Where general words follow particular words, the rule of construction is that the words are applicable to persons or things ejusdem generis; while the statute or other document enumerate classes or persons or things and is immediately followed with an enumeration of a clause or clauses embracing other persons or things, will be generally read as "Other such like."

**3.—Same—Definition of Offense—Statutes Construed.**

Under article 199 of the Penal Code, where the evidence showed that the defendant made wine or cider of grape juice and blackberry juice, which he raised on his own farm and made there, besides raising other farm products, and sometimes sold the same, and on the occasion in question sold a quart of wine or cider for 30 cents on Sunday. Held, that he was not a merchant, grocer or dealer in wares and merchandise, or a trader in any business in the terms of the statute.

Appeal from the County Court of Johnson.   Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of violation of the Sunday law; penalty, a fine of $20.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with having violated the Sunday law, in that as a merchant, grocer and dealer in goods, wares, wines and ciders and mercandise, he did unlawfully and wilfully open and permit his store and place of business to be open for the purpose of traffic and sale, and did then and there sell and barter goods, wares and merchandise therein on Sunday to Robert Hatchcock, to wit: did sell wine and cider to Robert Hatchcock, against the peace and dignity of the State. The charge given by the court followed the allegations of the indictment. A special instruction was requested by appellant and refused by the court. Omitting the preliminary part of the refused charge, it is as follows: "You are instructed that one sale by an individual as such does not constitute such person a merchant or dealer in merchandise; and before you can convict defendant you must believe that beyond a reasonable doubt if any sale was made by defendant, that such sale was made as a merchant, grocer, or dealer in wares and merchandise, and unless you so find you will acquit defendant." Error is assigned upon refusal of this charge. We think under the facts of this case, this charge should have been given. It is contended further, and the main question in the case is, that the facts fail to show a violation of the Sunday law. Robert Hatchcock, the alleged purchaser, testified that he was a neighbor of appellant and lived about twelve miles east of Cleburne; that on the 22nd of October, 1905, it being Sunday, he, with a friend, was at the house of appellant, and called for some wine. Appellant said all right and filled up a quart bottle of wine or cider and handed it to the witness; he took it away and subsequently drank it. Nothing was said about the payment of it at the time, but a few days later he had a settlement with appellant, appellant owing the witness for some corn, and in this settlement appellant took out 30 cents in payment for the wine or cider that the witness had gotten the preceding Sunday. Appellant lives on a small farm on which he cultivates berries, grapes, melons, etc., which products he sells. He keeps wine, cider and the like at his house to sell and sells it at his house to whoever desires purchasing, and sometimes he peddles his products around at places. There is a sign-board on the road near appellant's house telling that he has wine, cider and fruit to sell. On cross-examination this witness further states there was nothing said about paying for it at the time he got the wine or cider. Appellant makes wine or cider out of grape juice and blackberry juice. The wine that he got was some that he had made there himself. It was in a jug out at the well; he filled the bottle from the jug; he has no store but his wine or cider the witness thought was kept in a cellar, but the wine that he purchased was taken from a jug that was at the well. Appellant is a farmer and raises corn, cotton and potatoes in addition to his other products. This is practically a complete statement of the facts. Appellant was indicted under article 199, of the Penal Code, which reads as follows: "Any merchant, grocer or dealer in wares or merchan-

dise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employee of any such person, who shall sell, barter or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than $20 nor more than $50." In order to constitute a party guilty under this statute, he must come within the terms or definition of the statute, that is, he must be a merchant, grocer or dealer in wares or merchandise or trader in any business whatsoever, etc. The fact that a man may sell or barter things that are in his possession, owned by him or kept by him, will not bring him within the terms of the statute unless he be brought within one of the classes named in the statute. An occasional sale by a party of things not within his line of business as such merchant, grocer or trader will not bring him within the inhibition of the statute. Appellant was a farmer and raised the different products enumerated by the witness on his farm, some of which he manufactured into wine or cider, some of which it is shown that he sold. He was not a merchant, he was not a grocer, he was not a dealer in wares, goods and merchandise, nor was he within the definition of the term a trader as meant by this statute. Where general words follow particular words, the rule of construction is that the words are applicable to persons or things ejusdem generis; while the statute or other documents enumerates classes or persons or things and is immediately followed with an enumeration of a clause or clauses embracing other persons or things, will be generally read as "other such like," so that persons or things therein comprised may be read ejusdem generis with and not of a different class or different things or of the quality superior to or different from these specifically enumerated. For a collation of a great number of authorities sustaining this proposition, see vol. 21, Am. & En. Ency. of Law, 2nd edition, page 1012. The authorities here referred to and collated in note number 1 of said reference, comprise a great many decisions from England and the different States of the United States, and assert the proposition adhered to by the courts of Texas. In Meeks v. State, 32 Texas Crim. Rep., 420, it was said, "The sale of goods, wares, liquors or other merchandise on Sunday is not a violation of law unless brought within the statutory inhibition, which must be by a merchant, grocer or dealer in wares or merchandise, or trader in any business whatsoever." Then in order to constitute appellant guilty of violating this statute he must be brought within one of the named classes. In our judgment it would hardly be the subject of serious discussion or contention that a farmer selling products from his farm is not within the purview of this statute, and if it has ever been held that he would be brought within the terms of this statute, we have been unable to find such decision. A farmer selling the products from his farm as a result of his labor on his farm, is not a merchant, grocer, or dealer in wares and merchandise, or a trader in any busi-

ness within the terms of the statute. Such is not the intention of the Legislature. The judgment is reversed and the cause remanded.

*Reversed and remanded.*