PRIVATE A. S. REALTY CORPORATION, Appellant, *v.* BETTINA JULIAN and Others, Respondents.

Second Department, November 20, 1925.

**Contracts — restrictive covenant restricting use of store to fruit and grocery store — selling vegetables is not violation.**

A restrictive covenant in a contract which provides that the premises shall not be used for any business whatsoever except a fruit and grocery store is not violated by the sale of vegetables in the store.

APPEAL by the plaintiff, Private A. S. Realty Corporation, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 6th day of April, 1925, upon the decision of the court rendered after a trial at the Kings Special Term.

*Philip Simon,* for the appellant.

*Thomas A. McKennell* [*Harold Rosenfeld* with him on the brief], for the respondents.

Judgment unanimously affirmed, with costs, on the opinion of Mr. Justice LEWIS at Special Term.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and YOUNG, JJ.

The following is the opinion of the court below:

LEWIS, J.:

Plaintiff seeks to restrain the defendants from using the store and premises 503 Avenue U, Brooklyn, N. Y., for the sale of vegetables, claiming that such sale is in violation of a restrictive covenant providing " the store in said premises shall not be used for any business whatsoever except a fruit and grocery store for a period of two years ending June 16, 1926, and none of the other stores in the same block as the above described premises are

to be sold to be used for the purpose of a fruit or grocery store for the period ending June 16, 1926." The dispute, therefore, involves the meaning of the words " fruit and grocery store." The action is between the original parties to the agreement. Therefore, the rule is applicable " that restrictive covenants are to be construed strictly against those who formulate and impose them and that plaintiffs carry the burden of demonstrating that their version of the present covenant is sustained by a plain and natural interpretation of its language." (*Baumert* v. *Malkin*, 235 N. Y. 115.) The word " grocer " is defined in Funk & Wagnall's New Standard Dictionary as " one who deals in sugar, tea, coffee, spices, country produce and the like, excepting fresh meats, and sometimes in bottled beer and wines, usually not to be drunk on the premises." The Century Dictionary and Cyclopedia define " grocery " as a place for the selling of " general supplies for the table and for household use, as flour, sugar, spices, coffee, etc., the commodities sold by grocers." While there may be a difference between a grocer and a " green grocer," as claimed by the plaintiff, there is no limitation in the scope of the word " grocery " as used in the covenant in its comprehensive sense. In addition to its dictionary meaning it is a matter of common knowledge that grocers do sell vegetables, fresh and canned, and if plaintiff's contention could be sustained the court would likewise be justified in restricting the sale even of canned vegetables. Under the circumstances it seems there must be judgment for the defendant.