

# THE ATTORNEY GENERAL.

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL.

April 30, 1957

Honorable L. DeWitt Hale, Chairman
Liquor Regulation Committee
House of Representatives
Austin, Texas

Opinion No. WW-104

Re: Constitutionality of
House Bill 487, pro-
hibiting the sale of
intoxicating liquors,
beer or wines in gro-
cery stores or food
markets.

Dear Mr. Hale:

You have asked the opinion of this office as to the constitutionality of House Bill 487, 55th Legislature, 1957. This Bill is to add a Section numbered 17b to Article I, Chapter 467, Acts of the 45th Legislature, Second Called Session, 1935. In examining the statute which the bill is to amend, we find no Chapter 467 of the 45th Legislature, Second Called Session, 1935. We assume you refer to Chapter 467, Acts of the 44th Legislature, Second Called Session, 1935, which is the Texas Liquor Control Act, and that the discrepancy will be corrected.

We would also note that paragraph (2) of Section 17b which is to be added to the Liquor Control Act provides a penalty for violation of paragraph (1) of Section 17b. This penalty is a fine of not less than $250 nor more than $1000 or imprisonment of not less than 30 days nor more than six months, or both such fine and imprisonment. This Section does not provide whether the imprisonment is to be in the jail or the state penitentiary. We assume that this oversight will also be corrected.

The pertinent portion of the Act reads as follows:

"Section 17b. (1) No person shall sell intoxi-
cating liquor, beer or wine in a grocery store or
food market."

Under the Texas Constitution, the Legislature has the power to regulate the sale of intoxicating liquors, which power is expressed in the following language, in Article XVI, Section 20, (a):

"Sec. 20 (a)  The open saloon shall be and is hereby prohibited.  The Legislature shall have the power, and it shall be its duty to define the term 'open saloon' and enact laws against such.

"Subject to the foregoing, the Legislature shall have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors."

Although this power to regulate the sale of intoxicating liquors does not include the power to enact state-wide prohibition, the sale of intoxicating liquor may be prohibited or permitted under such conditions and in such places as the Legislature shall deem necessary.  Ex Parte Bell, 24 Tex. Cr. R., 428; 6 S.W. 197 (1887); Ex Parte Peede, 75 Tex. Cr. R. 247, 170 S.W. 749 (1914); Edgar v. McDonald, 106 S.W. 1135, (Tex. Civ. App. 1908).

The first question involved is whether the statute restricting the sale of intoxicating liquors, beer and wine in a grocery store or food market is a reasonable regulation of the sale of alcoholic beverages.  The test in determining whether a statute is discriminatory against a certain class, in this case, grocery stores, is whether there is any reasonable basis for the classification.  San Antonio Retail Grocers v. Lafferty, ____ Tex. ____, 297 S.W. 2d 813 (1957); Clark v. Finley, 93 Tex. 171, 54 S.W. 343 (1899); Jerard v. Smith, 52 S.W.2d 347 (Tex.Civ.App. 1932, error ref'd).  There are no Texas cases directly in point on the determination to be made here, but the Courts of other jurisdictions give us some authority on which we may make a determination.

The law applicable to this determination, as above stated, is more clearly stated in United Cigar-Whalen Stores Corporation v. Delaware Liquor Commission, 2 Terry 74, 15 A. 2d 442 (1940), wherein the statute prohibited the sale of intoxicating liquor in a "grocery store, delicatessen shop or cigar store":

"As to the second question, it is contended that the Legislature of this State, in the act in question, has adopted an arbitrary and unreasonable classification of persons prohibited from the sale or dispensing of alcoholic liquors, and that thus this appellant is deprived of those equal rights enjoyed by persons in other occupations.

"Now the control and supervision of the traffic in alcoholic or intoxicating liquors comes peculiarly within the general police powers of a State, and the Legislature has plenary power to require occupational licenses before anyone is qualified to deal in such liquor. When the Legislature indulges in a classification of persons in connection with any occupational license, such legislative classification is entitled to a very high measure of judicial support. The classification must be clearly arbitrary and capricious before a court can interfere with a legislative judgment. If any state of facts can reasonably be conceived as sustaining the classification, the existence of such facts must be assumed as the basis of the legislative action. When the legislative classification is clearly arbitrary and capricious and based on no tangible or substantial distinction, then, but not until then, can the courts interfere."

The reasonableness of prohibiting the sale of alcoholic liquors in grocery stores has not been considered in the State of Texas, but in all the other states wherein this classification has been considered, the classification has been upheld as a reasonable classification and a valid exercise of legislative power. United Cigar-Whalen Stores Corporation v. Delaware Liquor Commission, 2 Terry 74, 15 A. 2d 442 (1940), supra; Doyle v. Clark, 220 Ind. 271, 41 N.E.2d 949 (1942); Great Atlantic & Pacific Tea Company v. Mayor and Commissioners of Danville, 367 Ill. 310, 11 N.E.2d 388, 113 A.L.R. 1386 (1937). See also Peer v. Board of Excise Commissioners, 7 N.J.L. 496, 57 Atl. 153 (1904); Tittsworth v. Okin, 118 Fla. 454, 159 So. 779 (1935), where similar statutes were also involved.

In the Great Atlantic & Pacific Tea Company case, supra, the statute provided that no retail liquor license should be granted "to any firm, corporation or person whose

principal business is the sale at retail of groceries and/or meat products." The question of the reasonableness of the classification made in this ordinance was clearly presented to the Supreme Court of Illinois. That court upheld the statute.

Upon these out-of-state cases we advise you that House Bill 487 is not based upon an unreasonable, arbitrary or capricious classification. The Texas courts may not follow these cases, but until a Texas court passes on the question we feel that they are the law.

We do not think the case of San Antonio Retail Grocers v. Lafferty, supra, to be controlling on the determination we are called upon to make, except as the law in that case also applies to the present determination. The court in the Lafferty case concluded that the operation of the act was discriminatory, and stated further:

"... but the mere fact that the act discriminates against grocery stores does not render it unconstitutional. Before we may strike it down it must appear that there is no reasonable relationship between the class created and the purposes to be accomplished or the evils to be prevented." (Citing Authority)

The second question which arises concerning the constitutionality of this bill is that of its certainty and definiteness under Article I, Section 10, of the Texas Constitution and Article 6 of Vernon's Penal Code. There is no question that the bill intends to define an offense or that the offense is the selling of intoxicating liquors, beer or wines in a grocery store or food market. The question is whether the term "grocery store or food market" have a definite meaning. Article 7, V.P.C., provides that penal statutes "shall be construed according to the plain import of the language in which it is written." Article 8, V.P.C., provides that all words used in the Penal Code except where specially defined are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed.

In at least one case in the State of Texas, the Court of Criminal Appeals had no difficulty with the use of the word "grocer" in the "Sunday law" (Art. 286,V.P.C.) of the State of Texas. In Hanks v. State, 50 Tex. Cr. R. 577, 99 S.W. 1011, (1907), the court held that a farmer who sold

wine and cider which he had produced on his own farm, and which was kept for sale at his house was not a "grocer" within the meaning of the Sunday law. Thus, the courts of Texas have, at least negatively, defined the term "grocer." Furthermore, these terms have been judicially defined in other jurisdictions. Goldstine v. State, 230 Ind. 343; 103 N. E. 2d 438 (1952) ("grocery store"); Private A. S. Realty Corp. v. Julian, 214 App. Div. 628, 212 N.Y.S. 430 (1925) ("grocery"); People v. Shifrin, 198 Misc. 348, 101 N.Y.S.2d 613 (1950) ("food stores").

However, the term "food market" is not in general use and has no well defined meaning. We think it too vague and advise you that without further definition it would not be constitutional. Groceries and foods are sold under such a variety of circumstances that there would be great doubt in border line cases. Many city department stores have grocery departments while drug stores handle many food items. There are a few old time general stores remaining in rural areas, but the trend in suburban areas is towards one comprehensive self-service type store which seems to sell anything which can be packaged. Traditionally in Texas the word "market" sometimes refers to an area set apart for farmers who sell their produce. Any attempt to regulate sales in an area would conflict with the local option laws.

Therefore, it is our conclusion that House Bill 487, 55th Legislature, 1957, is too vague and indefinite for lack of specific definition of the term "grocery store or food market." It is our opinion that this renders this Bill unconstitutional under the terms of Article I, Section 10, of the Texas Constitution.

## SUMMARY

House Bill 487, 55th Legislature, 1957,
prohibiting the sale of intoxicating
liquor, beer, or wines in a grocery

Honorable L. DeWitt Hale, page 6 (WW-104)

> store or food market is unconsti-
> tutional under Article I, Section
> 10, Texas Constitution.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
Assistant

JHM:zt

APPROVED:

OPINION COMMITTEE:

J. C. Davis, Jr., Chairman

Leonard Passmore

John Reeves

J. L. Smith