817 P.2d 937

**Richard NEAL,**
**Plaintiff/Appellee/Cross–Appellant,**

v.

**CITY OF KINGMAN, an Arizona, political subdivision; Board of Adjustment of the City of Kingman, Arizona, an administrative body, Defendants/Appellants/Cross–Appellees.**

**No. CV–90–0490–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 17, 1991.

Dushoff & McCall by Dale S. Zeitlin, Phoenix, for plaintiff/appellee, cross-appellant.

Lance B. Payette, Kingman City Atty., Kingman, for defendants/appellants, cross-appellees.

Shelley & Bethea by J. LaMar Shelley, Mesa, for amicus curiae League of Ariz. Cities and Towns.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

The Zoning Administrator of the City of Kingman found that a highway sign adver-

**134**

tising a McDonald's restaurant did not comply with the applicable Kingman sign ordinance. The sign owner, Richard Neal, appealed to the Kingman Board of Adjustment, which affirmed the Administrator's finding. On review by special action, the superior court affirmed the Board, but independently held that the sign owner had a vested right to maintain the sign as erected, even though it did not comply with the sign ordinance. On appeal by the City, a majority of the court of appeals affirmed. One judge dissented, believing that the theory used by the majority to affirm was inapplicable and also was unavailable because it had not been raised or litigated below. We granted the City's petition for review and have jurisdiction under Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.-24. We reverse the trial court.

### FACTS

Kingman's sign ordinance requires that an "off-premises" sign "must be oriented toward the street frontage of the zone in which it is located." City of Kingman, Ariz., Zoning Ord. 135, section XXV, Off–Premise Sign, § 5. Neal owns a McDonald's restaurant located near the intersection of Highway 66 and Interstate 40 (I–40) in Kingman. He wanted to erect two off-premises signs advertising the McDonald's, one on property in the I–40 zone, and one on property in the Highway 66 zone. A permit for the sign in the I–40 zone was issued without incident and is not involved in this appeal. The Administrator originally refused to issue a permit to Neal for the sign in the Highway 66 zone because the sign Neal proposed was oriented toward I–40 rather than toward Highway 66.

After the original rejection, a second permit was prepared. The Administrator asked Neal to sign a list of conditions attached to the permit, one of which read that the sign "[m]ust be oriented to Arizona 66, meaning faces perpendicular to Arizona 66 r/w line. Cannot orient sign to I–40." Neal refused to sign the list of conditions. Instead, he spoke to the Administrator's supervisor, explaining that he

would not sign the permit or the list of conditions because he did not believe the ordinance required signs to be perpendicular to the controlling roadway. After the supervisor wrote on the list of conditions: "Sign will comply with the requirements of sign code, Dennis Roberts, 5/12/86," Neal signed and paid for the permit.

During the construction of the sign, there was one inspection by the City that did not result in any action. After the sign was erected, however, the Administrator determined that the sign was oriented toward I–40, rather than toward Highway 66. He therefore "red tagged" the sign to prohibit its use.

Neal appealed that determination, and requested a hearing before the Board to challenge the Administrator's finding that his sign was not properly oriented. At the hearing, Neal argued that his sign was, in fact, oriented toward Highway 66 within the meaning of the ordinance. The Administrator maintained that it was oriented toward I–40. The Board agreed with Neal that the ordinance did not require complete perpendicularity in order to comply with the ordinance, but also agreed with the Administrator that Neal's sign was, in fact, oriented toward I–40 rather than toward Highway 66.

The evidence presented at the Board hearing indisputably shows that the sign was nearly perpendicular to I–40 and was therefore easily readable by motorists travelling in either direction on I–40. The sign was at such an angle to Highway 66, however, that, although it was possible for motorists travelling northeasterly on that highway to read it, it was very difficult for motorists travelling the other way on Highway 66 to see it. Because the sign was oriented toward I–40 rather than toward Highway 66, the Board unanimously upheld the Administrator's finding that the sign violated the Kingman code.

### SUPERIOR COURT PROCEEDINGS

Pursuant to A.R.S. § 9–462.06(J) (now § 9–462.06(K)), Neal filed a special action in the superior court to review the Board's action. In his pleadings, as analyzed by

the trial court, he alleged that (1) the Board had abused its discretion in affirming the decision of the Zoning Administrator, (2) he had acquired a vested right to maintain the sign as erected, and (3) the Board had unconstitutionally discriminated against him.

The discrimination claim was abandoned, and the trial court ruled that the Board had not abused its discretion in affirming the Administrator's finding of noncompliance. That left the vested rights issue.

The City contended that the vested rights issue was not properly in the case because Neal had not raised it in his appeal to the Board. In response, Neal contended that he did not need to present the vested rights issue to the Board, and that the Board would have lacked jurisdiction to consider the issue had it been presented. Although the City objected to any trial *de novo* and argued that review was limited to the record, the superior court ordered a separate trial on the vested rights issue. Following trial, based upon answers to interrogatories from an advisory jury, the trial court entered judgment declaring that Neal had a vested right to maintain the sign as erected. The City appealed, and Neal cross-appealed.

### THE COURT OF APPEALS' OPINION

After dealing with issues relating to the constitutionality and construction of the ordinance, the court of appeals addressed the vested rights issue. First, the court held that the City had timely asserted in the trial court that Neal had waived any vested rights claim by not raising it before the Board. 167 Ariz. 574, 578, 810 P.2d 572, 576. The court then determined, contrary to the trial court's ruling, that Neal had in fact raised, albeit inartfully, the vested rights issue before the Board. *Id.* at 578–579, 810 P.2d at 576–577. The court concluded that, although the Board had authority to hear and determine a claim of vested rights, it had failed or refused to do so and, therefore, the superior court trial on the issue was appropriate. *Id.* at 579–580, 810 P.2d at 577–578.

Concluding that the vested rights issue was properly before it, the court of appeals addressed its merits. The majority noted that the case did not "fit neatly" within existing vested rights cases, and that there was "considerable confusion manifested by both parties as to what theory Neal was proceeding under." *Id.* at 580, 810 P.2d at 578. The court then affirmed on a theory of equitable estoppel.

One judge dissented, stating that "the majority finds a vested right where one cannot exist, and reaches for a remedy, equitable estoppel, which was never pled or tried at the administrative or trial court level." *Id.* at 584, 810 P.2d at 582. (Voss, J., dissenting).

We granted the City's petition for review.

### ISSUES PRESENTED

The petition for review presents three issues, but we find the first one dispositive. As stated in the petition, that issue is: Whether a municipal board of adjustment must consider a matter not specified in the notice of appeal pursuant to A.R.S. § 9–462.06(D).

### DISCUSSION

We agree with the court of appeals in several important particulars. First, we agree that the City properly raised in the trial court the contention that Neal had waived the vested rights issue by not asserting it before the Board. Second, we agree that the Board would have had jurisdiction to hear a vested rights issue if one had been raised. Third, we agree that the Board's determination of a vested rights issue would be reviewable only on the record under A.R.S. § 9–462.06(K), and not by a trial *de novo* in superior court.

■ We disagree, however, with the court of appeals' conclusion that Neal in fact raised a vested rights issue before the Board. A.R.S. § 9–462.06(D) requires that a person seeking review of a decision of the zoning administrator file "a notice of appeal specifying the grounds thereof." The purpose of this requirement is to apprise the Board of the issues it will be expected to decide. The notice of appeal also serves

to notify members of the public and interested parties of the nature of the appeal to guide them in their determinations concerning participation.

We do not believe, and we do not hold, that § 9–426.06(D) requires that the notice of appeal contain any "magic words" or comply with technical rules of court pleading. We are aware that, in many appeals of this type, including the one under consideration, the parties are not represented by counsel at the administrative level. While the statute does not require that the notice of appeal specify the precise legal theory or theories upon which an appellant relies, it must, in some fashion, give fair notice of what will be challenged on appeal. While this could often be done by referring to a legal theory, it could also be done by setting forth the facts which form the basis of the complaint and the nature of the complaint itself. Here this was not done.

■ Neal's notice of appeal did not mention the legal theory of vested rights, nor did it mention the facts which would arguably give rise to the application of such a theory. It read only:

> This is a request for a meeting with the board of adjustments, concerning your clairvoyance of the city sign code, Section XXV, off-premises Sign # 5, "Off-premises signs must be oriented toward the street frontage of the zone in which it is located." So you understand my viewpoint on this matter, the sign in question is oriented toward the street frontage of the zone in which it is located.
>
> You have a map showing this location. I sent you one in the building permit.

The request squarely put into focus the one issue that was litigated before the Board: Was the sign oriented toward Highway 66 within the meaning of the ordinance? Consistent with Neal's notice, the published agenda for the Board meeting listed only one item: "Appeal of the Zoning Administrator's interpretation of the City Zoning Ordinance Sign Code Section, concerning the orientation requirements for off-premises signs (billboards)."

Moreover, the transcript of proceedings before the Board does not support the court of appeals' finding that Neal raised a vested rights issue before that body. The statements relied upon by the court of appeals show only that Neal complained briefly before the Board about harassment and expense. The same statements, however, also show that Neal agreed that matters of harassment and expense were irrelevant to the issue he had brought to the Board. Our review of the record demonstrates that the convoluted vested rights theory unveiled in superior court and elaborated upon on appeal bears no resemblance to anything that was presented to or considered by the Board.

The court of appeals' ruling that Neal had raised a vested rights issue before the Board is also contrary to the position Neal himself has consistently taken throughout these proceedings. In the trial court he contended not that he had raised a vested rights issue before the Board, but that he did not *have* to raise the issue· because it was a separate, independently cognizable claim beyond the Board's jurisdiction. This position, however, has been persuasively rebutted by the court of appeals.

On the question of whether Neal raised a vested rights issue before the Board, we agree with the trial judge who ruled: "The Court has reviewed the transcript of the proceeding of the Board of Adjustments and *it is clear that the issues of vested rights and unconstitutional discrimination were never raised by the plaintiff before the Board of Adjustments.*" Trial court order, May 6, 1987 (emphasis added).

■ The court of appeals held, and we agree, that the Board had jurisdiction and authority to hear and determine an issue concerning vested rights had one been made. *See* A.R.S. § 9–462.06(G). Failure to raise an issue at an administrative hearing that the administrative tribunal is competent to hear waives that issue. *See Rouse v. Scottsdale Unified School Dist.,* 156 Ariz. 369, 371, 752 P.2d 22, 24 (App. 1987); *DeGroot v. Arizona Racing Comm'n,* 141 Ariz. 331, 340, 686 P.2d 1301, 1310 (App.1984); *Calixto v. Industrial*

*Comm'n,* 126 Ariz. 400, 402, 616 P.2d 75, 77 (App.1980). By failing to assert a vested rights issue in his notice of appeal or otherwise, Neal has waived that issue. Once the trial court concluded, as it properly did, that the Board had not abused its discretion in upholding the Administrator's decision concerning the orientation of the sign, this case should have ended. *See City of Phoenix v. Superior Court,* 110 Ariz. 155, 158, 515 P.2d 1175, 1178 (1973); *Sevilla v. Sweat,* 9 Ariz.App. 183, 185–86, 450 P.2d 424, 426–27 (1969).

### CONCLUSION AND DISPOSITION

Neal presented one issue to the Board: Whether his sign complied with the ordinance. The Board found that it did not. The superior court affirmed that finding, and it is unchallenged on appeal. The record clearly supports the Board's finding; indeed, given the evidence, no other finding is possible. The superior court properly affirmed the Board's decision and should not have had a separate trial *de novo* on an issue that had been waived and was not properly before it. We vacate those portions of the court of appeals' opinion dealing with the issues of vested rights and equitable estoppel because, in our view, those issues should not have been considered by the trial court or on appeal. We reverse the trial court's judgment with directions to enter judgment affirming the finding of the Board.

FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.

GORDON, C.J., recused himself and did not participate in the determination of this matter.