SCHOTT, Chief Judge,
concurring specially:
I subscribe to the majority opinion. In addition to the reasons expressed therein C.Z.O. Art. 12, Sec. 4 permits a change to another non-conforming use within the same classification even though the particular change in this case requires a special permit and arguably has a different impact on the neighborhood. This type of zoning ordinance is a less severe limitation than the type which prohibits a change in the kind or quality of use within a non-conforming area. Under an ordinance which banned all change of use, a grocery store was not permitted to convert to a store selling beer; but a store was allowed to convert to a restaurant selling liquor at retail under a less restrictive ordinance such as ours. Anderson, American Law of Zoning, § 6.42, P. 576.
One of the basic tenets of zoning law mandates narrow construction because zoning laws in general are in derogation of property rights. If there is any ambiguity in C.Z.O. Art. 12, Sec. 4, it must be resolved in favor of St. Dominic and against Phi Le.
Finally, I am persuaded by the reasoning of the court in Sevilla v. Sweat (1969) 9 Ariz.App. 183, 450 P.2d 424, (cited in an annotation in 61 ALR4th 724, 761) that the ordinary understanding of present day business practices was that packaged beer and wine were included in the term “groceries” and that grocery stores normally sell packaged beer and wine along with other groceries; and I readily extend this reasoning to include liquor in New Orleans where all these things are sold not only in groceries, but drug stores and convenience stores as well.