NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

NOVA DEVELOPMENT SERVICES, LLC; ARIZONA WELLNESS
COLLECTIVE 3 INC., *Plaintiffs/Appellants*,

*v.*

CITY OF MESA BOARD OF ADJUSTMENT; CITY OF MESA; VALLEY
HEALING GROUP INC., *Defendants/Appellees*.

No. 1 CA-CV 21-0016
FILED 12-28-2021

---

Appeal from the Superior Court in Maricopa County
No.  LC2017-000321-001
The Honorable Margaret R. Mahoney, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Bues Gilbert McGroder PLLC, Phoenix
By Cory L. Broadbent, Cassandra H. Ayres
*Counsel for Plaintiffs/Appellants*

Osborn Maledon PA, Phoenix
By Mary R. O'Grady, Jeffrey B. Molinar, Hayleigh S. Crawford
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1 Nova Development Services, LLC appeals the superior court's ruling affirming the Mesa Board of Adjustment's ("Board") decision. For reasons below, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This dispute involves the registration process for two medical marijuana dispensaries in Mesa, owned by Nova Development Services and Arizona Wellness Collective 3 (collectively "Nova") and Valley Healing Group ("Valley").

**I.** **Arizona Legalizes Medical Marijuana and Mesa's Implementation**

¶3 The Arizona Medical Marijuana Act ("AMMA") authorizes municipalities and counties to enact reasonable zoning regulations which limit land use for medical marijuana dispensaries. The AMMA also authorizes the Arizona Department of Health Services ("DHS") to regulate dispensaries. DHS created a system of community health analysis areas ("CHAAs"). There are 127 CHAAs in Arizona, some with overlapping local jurisdictions.

¶4 Mesa restricts medical marijuana dispensaries through zoning regulations and other various restrictions. At issue here, those restrictions include that a dispensary shall not: (1) be located within 5,280 feet (one mile) of another facility used as a dispensary or to cultivate marijuana; (2) be located within 1,200 feet of a church; (3) be located within 1,200 feet of a school; or (4) exceed 2,500 square feet in space. Mesa City Code § 11-31-34 (2016). Mesa established a "by right" system for medical marijuana facilities, which allows City staff to administratively approve a facility if it satisfies all requirements under § 11-31-34. The location of the first dispensary to satisfy the requirements establishes the one-mile boundary for other dispensaries. *Id.*

**II.        Nova's Application**

¶5        In July 2016, Nova filed a dispensary application with the Mesa Planning Division for its first site. Mesa approved Nova's provisional zoning registration in August 2016. Nova soon learned that the site required improvements to meet zoning regulations and selected a second site ("Nova's Site"), which would not require significant improvements. On October 6, 2016, DHS awarded Nova a license for the West Mesa CHAA at Nova's Site. Soon after, on October 17, 2016, Nova submitted an updated registration form to the Mesa Planning Division for Nova's Site.

¶6        Mesa issued Nova a Certificate of Occupancy on October 25, 2016. Mesa also notified Nova the city required the property owner's signed authorization to operate a medical marijuana dispensary. *See* Mesa City Code § 11-67-2 (2016) (property owner's authorization is needed for applicants who are lessees). On November 8, 2016, Mesa "deem[ed] Nova's application complete" after receiving signed approval from Nova Site's property owner. At the time of approval, Mesa had not received the issuance notice for Valley's Certificate of Occupancy. Nova's Site complied with the zoning ordinance's separation requirements.

¶7        Valley was also working with Mesa to register a dispensary for the West Mesa CHAA. Seven months before Nova's initial application, Valley proposed moving its dispensary from Bullhead City to the West Mesa CHAA. The proposed location sat within one mile of the location later identified as Nova's Site. In January 2016, Mesa approved Valley's provisional medical marijuana dispensary registration. Valley began tenant improvements to their dispensary location in the summer of 2016. Mesa issued Valley a Certificate of Occupancy dated November 8, 2016. Valley's location was, at all relevant times, within 1,200 feet of both a church and a school.

¶8        Confronted with determining which dispensary location established the one-mile boundary for another dispensary location, Mesa's zoning administrator ("Administrator") issued a Zoning Interpretation ("Interpretation") in February 2017. The Interpretation evaluated the pending dispensary registrations by Valley and Nova and described the Administrator's process for determining which dispensary set the one-mile boundary. To be first in time, the Administrator required: (1) registration with DHS; (2) a filed application for zoning registration; and (3) a Certificate of Occupancy. Viewed through the lens of these requirements, the

Administrator concluded Nova and Valley established their dispensaries on the same date. He also recognized Valley did not meet the church separation requirement but excused the zoning violation because he determined the church was "inconspicuous."

¶9 Based on his conclusion that Nova and Valley both completed the requirements on the same day, the Administrator determined neither application could be approved without invalidating the other given the one-mile-boundary requirement. To resolve this apparent tie, the Administrator allowed both dispensaries to operate by recognizing each as a legal nonconforming use.

**III. Nova's Appeal**

¶10 Nova appealed the Interpretation to the Board in March 2017, listing five grounds in its initial notice of appeal: (1) the Administrator incorrectly interpreted the City's zoning code on timing of establishing a medical marijuana use; (2) the Administrator consistently informed Nova the Certificate of Occupancy was the deciding factor in establishing a medical marijuana use and Nova obtained its Certificate of Occupancy before Valley; (3) the Administrator created an illogical three-step process for establishing a medical marijuana use; (4) the Administrator improperly created a new "inconspicuous church" exception to the separation requirement between a medical marijuana dispensary and a church; and (5) the Administrator ignored that Valley's dispensary exceeds the maximum size allowed for a dispensary. The Board scheduled Nova's appeal for August 2, 2017 ("Hearing").

¶11 Mesa's Planning Director emailed Nova in May 2017, and informed Nova the Mesa City Council was considering a modification to the medical marijuana zoning ordinance which would moot Nova's appeal on the church separation ground. That same month, Mesa updated the medical marijuana dispensary registration form to require the property owner's signature. In June 2017, Mesa amended the church separation requirement so that it only applies to dispensaries in mostly residential districts, effective July 19, 2017. *See* Mesa City Code § 11-31-34.

¶12 In July 2017, Nova submitted a letter to the Board, identified as its "brief," raising four grounds for appeal: (1) the three-step process created by the Administrator was illogical; (2) Valley's dispensary location is too close to a church; (3) Valley's dispensary location is too close to a school; and (4) Valley's building exceeds the size limitations for

4

dispensaries. Nova asked the Board to overturn the Interpretation and revoke Valley's Certificate of Occupancy and zoning authorization.

¶13            At the Hearing, Mesa moved to preclude the Board from considering Nova's school separation argument because Nova raised it for the first time in its July 2017 letter. Mesa acknowledged, however, that Nova submitted the letter to the Board two weeks before the Hearing and Mesa was prepared to address the arguments raised in the letter. The Board denied Mesa's motion to exclude the July 2017 letter and considered it as part of the appeal.

¶14            After the Hearing, the Board split three-three to overturn the appeal. Because Mesa's City Code requires a vote of four Board members to reverse an Administrator's decision, Nova's appeal failed, and the Interpretation was upheld. *See* Mesa City Code § 11-66-3 (2017).  Nova sought review of the Board's decision through a complaint for special action in the superior court. *See* A.R.S. § 9-462.06(K). After briefing and oral argument, the court affirmed the Board's decision and determined the Board's decision was "supported by substantial evidence." This appeal followed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶15            We review here only the decision before the Board. *See Levine v. City of Phoenix*, 1 CA-CV 15-0357, 2016 WL 5436413, at *5, ¶ 19 (Ariz. App. Sept. 29, 2016) (mem. decision); *see also* A.R.S. § 9-462.06(C), (K). The Administrator issued the Interpretation because "the [Administrator] was unable to determine which applicant satisfied [Mesa's] requirements first." The Administrator determined Nova and Valley completed Mesa's requirements on the same day and each could operate as a legal nonconforming use. The record shows the decision before the Board was whether to affirm, overturn, or modify the Interpretation and its conclusions.

¶16            Mesa argued before this court that Nova had to appeal other steps in the registration process to obtain the relief it seeks. Nova does not ask this court to overturn Valley's Certificate of Occupancy, only Valley's zoning clearance. But Mesa City Code limits appeals in this context to the Administrator's "final decisions." *See* Mesa City Code § 11-77-1 (2017). And no action taken before the Interpretation issued was an appealable "final decision." *See Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 566, ¶ 33 (App. 2003) (zoning administrator's initial decision whether a proposed use is permitted in a zone is not a final decision). Indeed, the Administrator

recognized this in the Interpretation, which deemed both dispensaries "registered" for the first time and authorized each to complete steps required by DHS. Nova correctly sought relief from the Interpretation, the first appealable decision in this matter.

## I.      Evidence We May Consider

¶17      In reviewing the Board's decision, we consider the entire administrative record before the Board at the time of its decision. *See Austin Shea (Ariz.) 7th St. and Van Buren, L.L.C. v. City of Phoenix*, 213 Ariz. 385, 392, ¶ 29 (App. 2006). Section 11-77-4(D)(2) (2017) of the Mesa City Code provides that, when considering an appeal, the Board must conduct a public hearing *de novo* and must consider all relevant information, which includes but is not limited to, the application, plans, and related materials that were the subject of the original decision, any other materials presented at the appeal hearing, and—notably—"any written correspondence submitted after the appeal has been filed."

¶18      "Failure to raise an issue at an administrative hearing that the administrative tribunal is competent to hear waives that issue." *Neal v. City of Kingman*, 169 Ariz. 133, 136 (1991). A notice of appeal need not contain any magic words or comply with technical rules of pleading, nor is it required to specify every precise legal theory on which an appellant relies. *Id.* Rather, a party must give fair notice of what will be challenged on appeal by setting forth the facts that form the basis and nature of the complaint itself. *Id.*

¶19      Mesa argues, citing A.R.S. § 9-462.06(D) and Mesa City Code § 11-77-4(B)(1), Nova waived any arguments not contained in its March 2017 letter. Yet § 11-77-4(D)(2) requires the Board to consider the information in Nova's July 2017 letter. And the Board did so at the Hearing.

¶20      Both Mesa and Nova presented evidence and addressed the school-separation requirement during the Hearing. The Board considered this argument before it upheld the Interpretation. The July 2017 letter, although not specifically titled a notice of appeal, served as Nova's brief in support of its appeal and provided fair notice to the Board and Mesa of the grounds on which Nova was appealing the Interpretation.

¶21      Mesa also contends Nova waived its arguments relating to the Administrator's determination that its dispensary operated as a legal nonconforming use because Nova did not raise them in either letter to the Board. But the Board raised the legal nonconforming use issue during the

Hearing and the parties discussed it at length. The Board thus properly considered the legal nonconforming use issue under § 11-77-4(D)(2) (2017).

¶22        We will therefore consider the entire record before the Board, including the school-separation requirement and the legal nonconforming use designation.

## II.        The Administrator's Interpretation was Erroneous

¶23        We review *de novo* the interpretation of statutes and ordinances and "presume the validity of the Board's determination unless it is against the weight of the evidence, unreasonable, erroneous, or illegal as a matter of law." *Pawn 1st, LLC v. City of Phoenix*, 242 Ariz. 547, 551, ¶ 9 (2017) (cleaned up). We may, however, draw our own conclusions on whether the Board properly applied the law and substitute our judgment for the Board's assessment of the legal effect of the facts. *See Whiteco Outdoor Advert. v. City of Tucson*, 193 Ariz. 314, 317, ¶ 7 (App. 1998).

### A.        The Administrator May Adopt a Registration Process for Dispensaries

¶24        Nova challenges the Administrator's power to adopt a registration process. Mesa City Code required medical marijuana dispensary applicants to register their proposed facilities with the Planning Division and prescribed the minimum information that such registration requires. *See* Mesa City Code § 11-31-34(E) (2016). And the City Council gave the Administrator and Planning Division discretion to devise an applicant registration process. *See* Mesa City Code § 11-67-1, 67-2(B)(2)-(3) (2016) (applicants must submit "[t]he required documents and information in a form acceptable to the Planning Division," and "[t]he Zoning Administrator may require the submission of supporting materials as part of the application"). Because the Administrator was acting within the powers granted by the Mesa City Council, we find the Board did not abuse its discretion in affirming the Administrator's registration process.

### B.        Exempting "Inconspicuous Churches" was an Improper Expansion of the Administrator's Powers

¶25        At the Hearing, Mesa contended the Administrator may create exceptions for "inconspicuous" code violations. But such acts directly violate § 11-66-7, which provides the Administrator shall not "make any change in the terms of the Zoning Ordinance." The Administrator may interpret zoning ordinances but is prohibited from creating exceptions to them. *See* Mesa City Code § 11-66-7(B); *see also Aegis*,

206 Ariz. at 566, ¶ 32 (zoning administrators do not have exclusive or final authority to decide whether certain uses are permitted within a particular zone). That power lies with the City Council and was exercised here when the Mesa City Council amended the church-separation requirement to apply only to churches in residential districts.

¶26        On appeal, Mesa contends the Board acted reasonably and properly exercised its discretion to reject Nova's church-separation arguments because the issue became moot after the Council amended the requirement. Because we find reversible error on other grounds, we do not address whether the Board could properly uphold the Interpretation on the church-separation requirement given the City's post-hoc modification.

### C.    Legal Nonconforming Uses Must Have First Been Conforming

¶27        Nonconforming use means "any building, structure, or use that was lawfully established and in compliance with **all applicable ordinances and laws**, but no longer complies with all applicable regulations and standards of development in the zone in which it is located." Mesa City Code § 11-36-2(B) (2017) (emphasis added); *see also Rotter v. Coconino County*, 169 Ariz. 269, 271 (1991) (nonconforming use is a lawful use maintained after the effective date of a zoning ordinance prohibiting such use). We review *de novo* the Administrator's identification of Valley's dispensary as a legal nonconforming use. *See Pingitore v. Town of Cave Creek*, 194 Ariz. 261, 264, ¶ 18 (App. 1998).

¶28        At the time of the Interpretation, Valley's dispensary was located within 1,200 feet of a church and a school. The Administrator purported to create an "inconspicuous churches" exemption to excuse Valley's noncompliance with the church-separation requirement but did not explicitly address Valley's distance from the school. Mesa later changed the church-separation requirement to apply only in residential districts. But the record establishes Valley remains in violation of the school-separation requirement.

¶29        Mesa argued at the Hearing that the Administrator sought to craft a solution that was "fair" and "equitable." Mesa also argued the Administrator used the legal nonconforming use description to excuse the violation of the school-separation requirement and resolve the apparent tie. But the Mesa City Code restricts the Administrator's authority to interpreting ordinances; the Administrator simply lacks the authority to consider Valley a legal nonconforming use when that conclusion

contradicts the statutory definition. *See* Mesa City Code § 11-66-7(B); *Aegis*, 206 Ariz. at 566, ¶ 32. The Board's power is similarly restricted to that granted by the zoning ordinance in accordance with the statute. *Pawn 1st*, 242 Ariz. at 551–52, ¶ 11. The Administrator erred by identifying Valley as a legal nonconforming use because Valley's site was never in compliance with the applicable ordinance and laws. *See* Mesa City Code § 11-36-2(2). And the Board in turn erred by affirming the Interpretation. *See Pawn 1st*, 242 Ariz. at 551–52, ¶ 11 (a board's action that exceeds its statutory authority is *ultra vires* and invalid).

¶30 Because we find the Administrator's designation of Valley as a legal nonconforming use was erroneous, we do not address whether Valley's facility exceeded the size limits or whether the Board could properly uphold the legal nonconforming use as it relates to the church-separation requirement.

**CONCLUSION**

¶31 The Board abused its discretion by affirming the Interpretation. We reverse and remand to the superior court with instructions to enter judgment for Nova declaring the Interpretation invalid.

